**TEPATASI PUAILOA, Plaintiff**

**v.**

**KENNISON BARBER, Defendant**

High Court of American Samoa
Trial Division

CA No. 11-89

October 26, 1990.

---

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Togiola T.A. Tulafono

Findings of Fact and Conclusions of Law:

Plaintiff, Tepatasi Puailoa, was involved in a front-end automobile collision when a vehicle in which he was a riding collided with a vehicle which was driven by the defendant, Kennison Barber. Plaintiff sues in damages for personal injuries alleging negligence on the part of the defendant.

Owing to some difficulties with conflicting schedules and the availability of medical witnesses, the parties jointly moved at the outset for trial of the liability issue separate from and prior to trial of the damages question. We allowed the request and bifurcated trial.

*Findings*

On the testimony and the evidence presented, the Court makes the following findings of fact on the issue of liability.

1) On or about October 8, 1988, plaintiff was riding in a Suzuki jeep which collided with a Toyota pickup truck that was being driven by the defendant. The collision occurred on the main east-west highway, in the vicinity of Mapusagafou.

2) Prior to the collision, the defendant was heading east; as he passed the Mormon stake center in Mapusagafou, he encountered a curve in the road without adjusting his speed accordingly. As he rounded the curve, which drops suddenly to a downgrade, the defendant drove his vehicle past the center-line and onto the lane for oncoming traffic, whereupon he suddenly found himself encountering a vehicle approaching

22

the curve from the opposite direction. This approaching vehicle was carrying plaintiff, who was riding at the time in the front passenger seat to the right of the driver.

3) Notwithstanding desperate attempts by both drivers to avoid one another, the vehicles collided, coming together forcefully. The vehicle in which plaintiff was riding was flipped onto its side, while the pickup truck which defendant had driven was apparently written off subsequently by an insurance adjuster. *See Atualevao v. Barber*, CA No. 7-89 (1990).

4) Plaintiff suffered personal injuries in the collision and was subsequently transported to the hospital at Faga'alu by a third-party[1] who had come upon the scene shortly thereafter.

*Conclusions*

On the evidence, we conclude that the defendant, Kennison Barber, had operated his vehicle in violation of A.S.C.A. § 22.0701; that is, he drove his vehicle in a careless and imprudent manner without due regard to the attending circumstances at the time, including the width of

---

[1] This third-party offered testimony on behalf of the defense. He testified that he had been following the defendant's vehicle and he noticed that plaintiff's vehicle (the Suzuki) was approaching on the wrong side of the road. This testimony was in direct conflict not only with the testimony of the plaintiff and the driver of the Suzuki — which had defendant driving on the wrong lane — but also with that of certain bystanders who testified that this third-party witness did not arrive at the scene until sometime after the accident.

We concluded that this third-party witness's testimony was, on balance, suspect. From the evidence, it appears that the collision occurred immediately after defendant had rounded the curve in the road since there was no time for either driver to take evasive action. Given the curve's blind areas, the third-party witness would also have had to have gone around the curve in order to get an unfettered view of the Suzuki coming from the opposite direction. This in turn tends to suggest that the third-party witness would also have had to tailgate the defendant in order to be in a position to observe the approaching vehicle prior to, or at the time of, the collision. Yet, despite the startling happenings that immediately arose after the defendant had rounded the curve, the third-party witness is in effect telling us that he somehow managed, not only to avoid being tangled up in the collision, but that he also managed to elude the notice of bystanders as well.

The weight of the evidence tends to suggest that the third-party witness was not even at the scene at the crucial time as testified to by certain onlookers.

Another factor which has prompted reservations with this witness is that he has only now come forward with testimony to exonerate the defendant of responsibility. As an eyewitness who could clear the defendant of fault, the question which naturally arises is why this witness was not sooner brought forward when the defendant had to answer a charge before the District Court of careless driving causing bodily injury in violation of A.S.C.A. § 22.0701. *See* TR No. 36559. That court's record, however, reflects a voluntary plea of guilt tendered to the charge by the defendant, who was then convicted accordingly. Additionally, and as consequence of the collision, the defendant also had to defend a prior civil suit for the total loss of the pickup truck (which in actuality was being borrowed by the defendant on the day in question). *See Atualevao v. Barber, supra.* Yet the third-party witness's exculpatory testimony was similarly not utilized to defend this suit. It is not that the third-party was unknown to the parties; indeed, he was the one who had transported both plaintiff and defendant to the hospital after the collision. If, indeed this person had a critical eyewitness account of the collision, that account of the collision should have (especially with police involvement) surely surfaced earlier.

Finally, the claim of blamelessness which the defendant now asserts before this Court, inconsistent with his prior admission of guilt before the District Court, is, in our view, thoroughly unconvincing.

the highway, the sharp curve and sudden downgrade in the road, and the possibility of oncoming traffic also approaching the curve. Specifically, the defendant drove too fast around the curve and did not keep his vehicle sufficiently under control. As he negotiated the curve, he not only failed to keep entirely within his own lane, but also failed to anticipate the reasonably foreseeable possibility that unseen and oncoming traffic might also be approaching the curve from the opposite direction. As a result, the collision occurred and plaintiff sustained injuries.

We are satisfied that the defendant drove his vehicle in a negligent manner and that his negligence was the *proximate cause* of plaintiff's injuries. Accordingly, the defendant is liable to the plaintiff for damages.